**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Lorenzo MACIAS–LEON,**
**Defendant–Appellant.**

**No. 05–41082.**
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided Feb. 24, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Timothy William Crooks, Laura Fletcher Leavitt, Assistant Federal Public Defenders, Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM: *

Lorenzo Macias–Leon (Macias) appeals the 27–month sentence he received following his guilty-plea conviction for illegal reentry, in violation of 8 U.S.C. § 1326. He asserts that the "felony" and "aggravated felony" provisions of § 1326(b) are facially unconstitutional.

The constitutional issue raised by Macias is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Macias contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Macias properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court's judgment is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.